947 F.2d 505
 292 U.S.App.D.C. 89
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
TUCSON FM BROADCASTING CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
Tucson Community Broadcasting, Inc., Intervenor.
 No. 90-1326.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 8, 1991.
 
 Before MIKVA, Chief Judge, WALD and BUCKLEY, Circuit Judges,
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Tucson FM presented no evidence to the Commission that Tucson Community committed fraud, except to point to an aborted attempt to settle. But even if Tucson Community proposed the settlement first, it would have been acceptable under the FCC policy that prevailed at the time. According to Ruarch Associates, 103 F.C.C.2d 1178 (1986), settlements between competing applicants will be approved "[u]nless it appears that the applicant never intended to honor its ... [initial] commitment." Under Ruarch, a settlement offer cannot itself be invoked as evidence of fraud. "There are no allegations," as the Commission noted, "indicating that Community did not intend to build at Mt. Bigelow when it filed or during the time it prosecuted its application...." 5 FCC Rcd 2625 (1990).
 
 
 3
 ORDERED and ADJUDGED that 5 FCC Rcd 2625 (1990) be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.